THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WARN INDUSTRIES, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>v.<br><br>ENGO INDUSTRIES, LLC, a Washington corporation, aka ENGO USA, and NINGBO CHIMA WINCH CO., LTD., a foreign corporation,<br><br>           Defendants. | Case No. 3:13-cv-5353<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

Plaintiff, Warn Industries, Inc. ("Warn") brings this Complaint for patent infringement against Defendants Engo Industries, LLC, also known as Engo USA ("Engo") and Ningbo Chima Winch Co., Ltd. ("Ningbo"), and alleges as follows:

### **NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and §§ 281-285.

2.      This lawsuit pertains to the Defendants' infringement of Plaintiff's U.S. Patent Nos. 7,311,298, (the '298 Patent"), 7,559,534, (the '534 Patent), and 7,703,749 (the '749 Patent"), (collectively, the "Warn Patents").

COMPLAINT FOR PATENT INFRINGEMENT - 1
3:13-cv-5353

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981

3.      Warn seeks injunctive relief and damages against Defendants.

**THE PARTIES**

4.      Plaintiff Warn Industries, Inc. ("Warn") is a Delaware corporation with its principal place of business at 12900 S.E. Capps Road, Clackamas, Oregon 97015.  Warn designs, manufactures and markets a full line of off-road equipment and accessories that enhance the performance of four-wheel-drive vehicles, ATVs and utility vehicles.  Warn sells products to over 65 countries and is one of the world's most recognized brands in off-road vehicle performance products.

5.      Upon information and belief, Defendant Engo Industries, LLC, also known as Engo USA ("Engo") is a Washington corporation with its principal place of business located at 6503 N.E. 104th Street, Vancouver, Washington 98686.  Upon information and belief, Engo is in the business of importing and selling, among other things, winches and winch-related products.

6.      Upon information and belief, Defendant Ningbo Chima Winch Co., Ltd. ("Ningbo") is a Chinese corporation with its principal place of business located at No. 38 Dongbei Road, Dongqiao Town, Yinzhou District, Ningbo, 315157, P.R.C.  Upon information and belief, Ningbo is in the business of manufacturing and selling, among other things, winches and winch-related products.

**JURISDICTION AND VENUE**

7.      Warn's cause of action for patent infringement against Engo and Ningbo arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq*., including §§ 271, 281-85.  This Court has original jurisdiction over this subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Engo because it is a corporation organized and existing under the laws of the State of Washington.

9.      This court has personal jurisdiction over Ningbo because, on information and

COMPLAINT FOR PATENT INFRINGEMENT - 2
3:13-cv-5353

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981

PDX\108697\190553\DZN\11477705.1

belief, Ningbo has committed acts of infringement in this judicial district, including importing product for sale by Engo, which resides in this district.  Through Engo, Ningbo has established channels of distribution for marketing its infringing products elsewhere in these United States.  Ningbo, by conducting business within Washington, has purposefully availed itself of the benefits and protections of Washington's laws such that it should reasonably anticipate being sued here.

10.     Venue is proper in this judicial district with regard to Engo pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).  Engo resides in this district and, upon information and belief, has committed acts of infringement in this district by importing, selling and offering to sell winches that infringe one or more claims of the Warn Patents from its operations within this judicial district.

11.     Venue is proper in this judicial district with regard to Ningbo pursuant to 28 U.S.C. §§ 1291(d) as Ningbo is an alien.

**FACTUAL BACKGROUND**

12.     Warn owns all right, title, and interest in U.S. Patent No. 7,311,298, entitled "INTEGRATED AIR COMPRESSOR AND WINCH", which was duly and legally issued to Warn by the U.S. Patent and Trademark Office on December 25, 2007.

13.     Warn owns all right, title, and interest in U.S. Patent No. 7,559,534, entitled "INTEGRATED AIR COMPRESSOR AND WINCH", which was duly and legally issued to Warn by the United States Patent and Trademark Office on July 14, 2009.

14.     Warn owns all right, title, and interest in U.S. Patent No. 7,703,749, entitled "INTEGRATED AIR COMPRESSOR AND WINCH", which was duly and legally issued to Warn by the U.S. Patent and Trademark Office on April 27, 2010.

15.     Warn has at all material times complied with the requirements of 35 U.S.C. § 287 with regard to the Warn Patents.

16.     The Warn Patents claim an integrated air compressor and winch that uses a

COMPLAINT FOR PATENT INFRINGEMENT - 3
3:13-cv-5353

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981

single source of rotary motive power for driving both a wind drum and compressor mechanism.

17.     Warn employees visited a booth hosted by Engo at the SEMA tradeshow in Las Vegas, Nevada on October 29, 2012.  In that booth, Warn employees observed Engo advertising for sale a winch that, upon information and belief, infringes one or more claims of the Warn Patents.  Warn employees inquired of the manufacturer of Engo's product and were advised that Defendant Ningbo manufactures the product in China.  A copy of the advertisement on Ningbo's Chinese website corresponding to the winch displayed at the SEMA show is attached as Exhibit 1.

18.      Warn provided Engo with actual notice of the Warn Patents by letter on November 1, 2012.  Engo did not respond.

19.     Warn employees likewise visited a booth hosted by Ningbo at the SEMA tradeshow in Las Vegas, Nevada on October 29, 2012.  In that booth, Warn employees observed Ningbo advertising for sale winches that, upon information and belief, infringe one or more claims of the Warn Patents.

20.     Warn provided Ningbo with actual notice of the Warn Patents by letter on November 1, 2012.  Ningbo, through its employee Eva Wang, advised that Ningbo had received Warn's letter, was reviewing the Warn Patents, and would contact Warn to discuss the issue by the end of December 2012.  Ningbo did not contact Warn.

## COUNT I –
### INFRINGEMENT OF UNITED STATES
### PATENTS 7,311,298, 7,559,534, and 7,703,749,
### AGAINST DEFENDANT NINGBO

21.     Warn restates and realleges each of the allegations of paragraphs 1-20 as if fully set forth at length.

COMPLAINT FOR PATENT INFRINGEMENT - 4
3:13-cv-5353

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981

22.     Despite its actual knowledge of the Warn Patents, Ningbo imports and offers for sale into the United States winches that infringe one or more claims of the Warn Patents, for sale by Engo.  Specifically, Ningbo's product infringes at least claims 1, 2, 14, 19 and 20 of the '298 Patent, claims 1, 2, 13, 64, 65 and 67 of the '534 Patent, and claims 1, 2, and 18-20 of the '749 Patent under 35 U.S.C. § 271.  By these actions, Ningbo has also induced or contributed to infringement of the Warn Patents by other persons or entities, including its customers and the customers of others (including Engo) who use the product.

23.     Ningbo is not licensed or otherwise authorized to make, use, import, sell, or offer to sell any winch product claimed in the Warn Patents and its conduct is, in every instance, without Warn's consent.

24.     Warn is entitled to recover from Ningbo the damages sustained by Warn as a result of Ningbo's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

25.     The infringement by Ningbo of the Warn Patents will continue to cause Warn irreparable injury and damage for which there is no adequate remedy at law unless and until Ningbo is enjoined from infringing the Warn Patents.

26.     Upon information and belief, Ningbo's infringement of the Warn Patents has been and continues to be willful in light of its knowledge of the Warn Patents.  Accordingly, this is an exceptional case under 35 U.S.C. § 285 and Warn is entitled to enhanced damages, attorneys' fees and litigation expenses incurred.

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR PATENT INFRINGEMENT - 5
3:13-cv-5353

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981

PDX\108697\190553\DZN\11477705.1

## COUNT II –

## INFRINGEMENT OF UNITED STATES

## PATENTS 7,311,298, 7,559,534, and 7,703,749,

## <u>AGAINST DEFENDANT ENGO</u>

27.     Warn restates and realleges each of the allegations of paragraphs 1-24 as if fully set forth at length.

28.     Despite its actual knowledge of the Warn Patents, Engo proceeded to import into the United States, sell and offer to sell winches that infringe one or more claims of the Warn Patents.  Specifically, Ningbo's product infringes at least claims 1, 2, 14, 19 and 20 of the '298 Patent, claims 1, 2, 13, 64, 65 and 67 of the '534 Patent, and claims 1, 2, and 18-20 of the '749 Patent under 35 U.S.C. § 271.  By these actions, Ningbo has also induced or contributed to infringement of the Warn Patents by other persons or entities, including its customers who use the product.  By these actions, Engo has also induced or contributed to infringement of the Warn Patents by its customers who use the product.

29.     Engo is not licensed or otherwise authorized to make, use, import, sell, or offer to sell any winch product claimed in the Warn Patents and its conduct is, in every instance, without Warn's consent.

30.     Warn is entitled to recover from Engo the damages sustained by Warn as a result of Engo's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31.     The infringement by Engo of the Warn Patents will continue to cause Warn irreparable injury and damage for which there is no adequate remedy at law unless and until Engo is enjoined from infringing the Warn Patents.

32.     Upon information and belief, Engo's infringement of the Warn Patents has been and continues to be willful in light of its knowledge of the Warn Patents.  Accordingly,

COMPLAINT FOR PATENT INFRINGEMENT - 6
3:13-cv-5353

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981

PDX\108697\190553\DZN\11477705.1

this is an exceptional case under 35 U.S.C. § 285 and Warn is entitled to enhanced damages, attorneys' fees and litigation expenses incurred.

## PRAYER FOR RELIEF

WHEREFORE, Warn respectfully requests that the Court enter judgment in its favor against Defendants, granting the following relief:

A.      A declaration that the '298 and '534 and '749 Patents are valid and enforceable;

B.      A judgment and declaration that Defendants have infringed the '298 and '534 and '749 Patents literally and/or under the doctrine of equivalents;

C.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants and their agents, servants, officers, directors, employees, affiliated entities and all persons in active concern or participation with them from continued infringement of the '298 and '534 and '749 Patents;

D.      An award of damages adequate to compensate Warn for Defendants' infringement of the '298 and '534 and '749 Patents;

E.      An award to Warn equal to any profits that Warn lost due to Defendants' infringement of the '298 and '534 and '749 Patents;

F.      Enhancement of the damage award based on Defendants' willful infringement of the '298 and '534 and '749 Patents;

G.      An award of costs and attorneys' fees pursuant to 35 U.S.C. § 285, and an assessment of interest, including prejudgment interest; and

H.      Such other relief as this court deems to be just and equitable.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR PATENT INFRINGEMENT - 7
3:13-cv-5353

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981

PDX\108697\190553\DZN\11477705.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Warn respectfully requests a trial by jury of all issues so triable.

Dated this 9th day of May, 2013.

SCHWABE, WILLIAMSON & WYATT, P.C.


By:   s/ Devon Zastrow Newman
Devon Zastrow Newman, WSBA #36462
Email: dnewman@schwabe.com
David W. Axelrod, *pro hac vice pending*
Email: daxelrod@schwabe.com
1211 S.W. 5th Avenue, Suite 1600
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Plaintiff, Warn Industries, Inc.

Trial Attorney:  David W. Axelrod

COMPLAINT FOR PATENT INFRINGEMENT - 8
3:13-cv-5353

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981

PDX\108697\190553\DZN\11477705.1